UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



FILED
AUG 17 2020
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

KATHY L. SLADEK, )
)
Plaintiff, )
)
v. )  No. 19 C 1282
)
MEGAN J. BRENNAN, as ) Judge Durkin
Postmaster General, )
)
Defendant. )

**PLAINTIFF'S RESPONSE TO DEFENDANT'S LOCAL RULE 56.1 STATEMENT OF MATERAL FACTS**

1. I agree with this statement.
2. I agree with this statement.
3. I agree with this statement.
4. I agree with this statement.
5. I agree with this statement.
6. I agree with this statement.
7. I disagree with this statement. I was assigned to Tour 1 as of March 2009. I was not on a detail, but assigned there by MDO Melvin Smith in preparation for the expansion of Tour 1. Exhibit 1 page 5 (20) lines 13 thru 20. Exhibit B pages 179 thru 185. Towards the top there is a field Employee Official Tour. On the bottom 2 lines are my signature and a Managers signature. Exhibit 13 page 1 paragraph 2. Exhibit 13 paragraph 1.
8. I agree that I was temporarily detailed to a process control trainee position. I do not agree with the statement of my assigned hours.Exhibit

    1 page 5 (20) lines 13 thru 20. Exhibit B pages 179 thru 185. Towards the top there is a field Employee Official Tour. On the bottom 2 lines are my signature and a Managers signature. Exhibit 13 page 1 paragraph 2. Exhibit 13 paragraph 1.

9. Same answer as 8.
10. Same answer as 8.
11. Same answer as 8.
12. Same answer as 8.
13. Same answer as 8.
14. I agree with some equipment moving, but a new operation was coming to Tour 1. Exhibit 1 page 5 (20) lines 13 thru 20. Exhibit 13 page 1 paragraph 2. Exhibit 13 page 3 paragraph 4. While I was assigned to Tour 1 I worked about 3 hours on the workroom floor. Exhibit 1 page 6 (23) lines 9 thru 22
15. There was the same Supervision work available on Tour 1 that three African American MFC's were already doing. At this same time the Agency was offering MFC jobs to RIF employees . Exhibit 13 page 1 paragraph 2. Unfortunately people don't always tell the truth. In Evans declaration Exhibit 3 page 131 first answer. Evans claimed to have accommodated me for four years so I could take care of my husband. Exhibit 15 page 1 is a doctor's statement . My husband walked and drove until 3 months after I was reassigned to Tour 1. I have backed up my assignment hours by official documents. The Agency never produced the official documents that I requested on many occasions. Exhibit 14 page 4.  What I would get instead would be another declaration by Smith. Exhibit 14 pages 1 and 2. Smith didn't even give the hire date of D Jones. Jones is still employed at the facility.
16. Same answer as 15.
17. I could not afford a  fulltime caretaker and my husband was no longer safe alone. That wasn't an easy choice. My husbands safety, or a job I couldn't replace. The first I would have considered retiring was January of 2011. That would have been around a $55,000 difference in salary and benefits. That would have given me time to figure out financial issues. That would have allowed me to keep my  $25,000 life insurance policy. I did not have the policy the required time to time to keep the policy. It would have cost me more to go to work than to stay home.
18. Same answer as 15.

19. Because Tour 1 was expanding the Agency looking for volunteers to work Tour 1. Exhibit 3 page 130 the 5 bulleted points. I requested Smith add me to the list of volunteers. Instead he would draft 2 Supervisors.

ADMINISTRATIVE EEO PROCEEDINGS

20. I agree with this statement.
21. Tour 1 was expanding Exhibit 3 page 130 the 5 bulleted points. Exhibit 13 page 1 paragraph 2.
22. I agree with this statement.
23. I agree with this statement.
24. I agree with this statement.
25. I disagree. Exhibit 14 page 4. My requested discovery. Exhibit 14 page 1 and 2 was what I received.
26. I agree with this statement.
27. I agree with this statement.
28. I agree with this statement.
29. I agree with this statement.
30. The Agency did supplement some records. The most important facts, although requested in discovery, were not submitted.
31. I agree with this statement.
32. I agree with this statement.
33. I agree with this statement.
34. I agree with this statement. I don't agree with the decision. I would have lost money continuing to work.
35. I agree with this statement.

**IN DISTRICT COURT**

36. I agree with the statement.
37. I agree with this statement.
38. I agree with this statement.

Respectfully submitted,
Kathy Sladek
734 N Pinecrest RD
Bolingbrook, IL. 60440
630 768-8796

*Kathy Sladek*
8/15/20

4